# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH

Merrimack Superior Court
163 North Main St./PO Box 2880
Concord NH  03302-2880

Telephone: (603) 225-5501
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## RECEIPT OF WRIT

Case Name:  **Frances Boisvert, et al v Beth Israel Deaconess Medical Center, et al**
Case Number:  **217-2011-CV-00249**

The writ in the above-captioned matter was filed with the Clerk of this Court on: April 20, 2011 at 11:06 AM.

Frances Boisvert; Donald Boisvert or his/her attorney is to attach a copy of this Receipt to identical copies of the original writ and deliver them to the Sheriff or other legally authorized entity for service on Beth Israel Deaconess Medical Center; Michael Kent, M.D.; Armin Ernest, M.D.; Bella Mikhailov, RN. Sufficient copies shall be provided to allow for a service copy for each named defendant and a copy for each officer completing service to complete the return. The return copies shall be filed with the Court in accordance with Superior Court Rule 3.

BY ORDER OF THE COURT

April 21, 2011

William S. McGraw
Clerk of Court

(489)

STATE OF NEW HAMPSHIRE

MERRIMACK, SS.                                                                                                        SUPERIOR COURT

**FRANCES BOISVERT and DONALD BOISVERT**
60 River Road
Allenstown, NH 03275

V.

**BETH ISRAEL DEACONESS MEDICAL CENTER**
1 Deaconess Road
Boston, MA 02215

AND

**MICHAEL S. KENT, MD**
Beth Israel Deaconess Medical Center
185 Pilgrim Road, Deaconess 201
Boston, MA 02215

AND

**ARMIN ERNST, MD**
Beth Israel Deaconess Medical Center
1 Deaconess Road, Deaconess Building 201
Boston, MA 02215

AND

**BELLA MIKHAILOV, RN**
Beth Israel Deaconess Medical Center
185 Pilgrim Road, Deaconess 201
Boston, MA 02215

AND

**UNNAMED BIDMC EMPLOYEE CAREGIVERS**
Beth Israel Deaconess Medical Center
185 Pilgrim Road, Deaconess 201
Boston, MA 02215

# COMPLAINT

## I. INTRODUCTION

Plaintiff Frances Boisvert (hereinafter, Fran) was diagnosed in late August 2009 with a lung tumor. Plaintiff Donald Boisvert (hereinafter, Don) is Fran's husband of over 50 years. At the time of diagnosis, Fran was recently retired from her position as a medical office administrator and Don was employed 32 hours a week. The initial treatment of the lung tumor involved a medication that made Fran very sensitive to light. This treatment was administered in early October and continued through mid-October 2009. The treatment was unsuccessful and the medical team determined that thoracic surgery to remove the tumor was necessary. Because Fran had used the medication that caused her to be extremely sensitive to light, and it was a contraindication for Fran to be exposed to sunlight or bright lights for 30-90 days, it was determined that her surgery would require the use of filtered lights to prevent burning her skin. Fran underwent surgery on October 30, 2009 and immediately following the surgery she complained of severe pain around the surgical site. Initially the medical team believed her pain was an allergic reaction to tape or bandages, however, an internal investigation determined that she had undergone hours of surgery with the use of **unfiltered** bright surgical lights. As a result, Fran suffered third degree burns around the surgical site that caused her to be in extreme pain and permanently scarred. The investigators determined that the cause of Fran's third degree burns met the Serious Reportable Event criteria and the life altering injury she suffered was entirely preventable. Don had to take time from work to nurse Fran back to health over

2

a period of approximately five months. Fran has suffered permanent injuries including, but not limited to, the impairment of body function and substantial disfigurement. Don has taken care of Fran during her period of convalescence.

## II.   PARTIES

1.   Fran is a citizen of the United States, residing at 60 River Road, Allenstown, County of Merrimack, State of New Hampshire. At all times relevant herein, Fran relied upon the defendants to provide standard of care hospital, surgical, medical, nursing, laboratory, and other healthcare related services as advertised and promoted in the community. At all times relevant herein, Fran was married to Don, her husband of almost 50 years.

2.   Don is a citizen of the United States, residing at 60 River Road, Allenstown, County of Merrimack, State of New Hampshire. At all times relevant herein, Don was the loving husband of Fran and trusted the defendants to provide standard of care hospital, surgical, medical, nursing, laboratory, and other healthcare related services to his spouse as advertised and promoted in the community. Don has provided Fran with loving care and support during her convalescence.

3.   Defendant Beth Israel Deaconess Medical Center (hereinafter BIDMC) is a medical center and hospital with a principal place of business at 1 Deaconess Road, Boston, Massachusetts. At all times relevant herein, BIDMC advertised and promoted its medical, surgical, hospital, nursing, laboratory, administrative, and related healthcare services to the community, including the State of New Hampshire and the plaintiffs named herein. BIDMC is named as a corporate entity, together with its administrators,

officers, employees, staff, privileged medical staff, agents, and ostensible agents. At all times relevant herein, BIDMC acted by and through its administrators, officers, employees, staff, privileged medical staff, agents, and ostensible agents for the purpose of carrying on its business as a hospital and medical center and therefore, is liable for the negligent acts or omissions of said administrators, officers, employees, staff, privileged medical staff, agents, and ostensible agents under the legal doctrines of vicarious liability, agency and respondeat superior. In addition, BIDMC extends privileges to healthcare providers based upon a credentialing process and holds itself out to the community, including the State of New Hampshire and the plaintiffs named herein, as a provider of healthcare services that meet the standard of care. At all times relevant herein, BIDMC owed the plaintiffs a duty to exercise reasonable care in the credentialing process, staffing, oversight, supervision, monitoring, and delivery of healthcare services.

4. Defendant Michael S. Kent, MD (hereinafter, Kent) is a thoracic surgeon with a business address of BIDMC, 185 Pilgrim Road, Deaconess 201, Boston, Massachusetts 02215. At all times relevant herein, Kent is believed to have been employed by or credentialed by or otherwise associated with defendant BIDMC and had privileges to practice medicine and perform surgery at BIDMC. Defendant Kent owed the plaintiffs a duty to exercise reasonable care which a reasonably careful physician and surgeon would provide under the same or similar circumstances.

5. Defendant Armin Ernst, MD (hereinafter, Ernst) is an interventional pulmonologist with a business address of BIDMC, 1 Deaconess Road, Deaconess Building 201, Boston, Massachusetts 02215. At all times relevant herein, Ernst is believed to have been employed by or credentialed by or otherwise associated with defendant BIDMC and had privileges to practice medicine and perform surgery at BIDMC. Defendant Ernst owed the plaintiffs a duty to exercise reasonable care which a reasonably careful physician and interventional pulmonologist would provide under the same or similar circumstances.

6. Defendant Bella Mikhailov, RN (hereinafter, Mikhailov) is a nurse licensed to practice nursing in the State of Massachusetts, with a principal business address of BIDMC, 185 Pilgrim Road, Deaconess 201, Boston, Massachusetts 02215. At all times relevant herein, Everett was the primary circulating nurse responsible for the hospital, surgical and nursing care delivered to Fran while she was a patient at BIDMC prior to and during surgery. Defendant Mikhailov owed the plaintiffs a duty to exercise reasonable care which a reasonably careful primary circulating nurse would provide under the same or similar circumstances.

7. Defendant Unnamed BIDMC Employee Caregivers (hereinafter, Employees) are nurses licensed to practice nursing in the State of Massachusetts, and technicians and surgical assistants employed by BIDMC, with a principal business address of BIDMC, 185 Pilgrim Road, Deaconess 201, Boston, Massachusetts 02215. At all times relevant herein, said nurses and technicians and surgical assistants are believed to have been employed by or credentialed by or otherwise associated with

5

defendant BIDMC. Defendant Employees owed the plaintiffs a duty to exercise reasonable care which a reasonably careful nurse, technician or surgical assistant would provide under the same or similar circumstances.

### III. FACTS

8. Fran was diagnosed with a lung tumor and referred to defendant BIDMC and its' medical, nursing and professional staff for treatment. It was recommended by defendant Ernst that Fran undergo photodynamic therapy to remove the tumor without the need for surgery. This procedure involved pharmacologic agents, laser treatment, and rendered Fran extremely vulnerable to sunlight or unfiltered lights.

9. Fran's first treatment by defendant Ernst occurred on October 5, 2009 at defendant BIDMC, with follow up treatments on October 7, 2009 and again on October 9, 2009. As a result of these treatments, Fran was not to be exposed to sunlight or bright lights for 30-90 days. The defendants knew (or should have known) that Fran's exposure to sunlight or unfiltered bright light would cause her skin to burn.

10. In mid-October it was determined that the photodynamic therapy had been unsuccessful and thoracic surgery to remove the tumor would be necessary. Because Fran had been exposed to the photodynamic therapy and related pharmacological agents, she was told that her surgery would be done with filtered light to protect her skin from burns. The surgery occurred at defendant BIDMC, and was performed by defendant Kent on October 30, 2009.

11.     At all times relevant herein, including prior to October 30, 2009 and thereafter, all of the defendants jointly and severally owed the plaintiff a duty of care to make certain that she was not exposed to sunlight or unfiltered bright light because of her prior photodynamic treatment.  These duties were owed by the defendant BIDMC, the pulmonologist defendant Ernst, the thoracic surgeon defendant Kent, the primary circulating nurse defendant Mikhailov and the unnamed BIDMC employee caregivers. The plaintiffs relied upon these defendants to protect Fran from foreseeable injury.

12.     Following the surgery on October 30, 2009, Fran complained of pain and discomfort around the surgical site.  Upon investigation, it was determined that the surgical procedure had been performed <u>without filtered light</u> and that Fran had been exposed to bright light for five hours during the surgical procedure.  As a result, Fran suffered third degree burns and unsightly scarring and disfigurement and impairment of her body in the area of the surgical site.

13.     An investigation conducted by defendant BIDMC concluded that Fran had suffered third degree burns to her body, together with substantial scarring and disfigurement, as a result of a Serious Reportable Event:  To wit, she had thoracic surgery under unfiltered bright light for five hours while in the care of the defendants and known to be photosensitive, resulting in third degree burns.  The investigation also concluded that this serious life altering injury was entirely preventable.

14.     As a result of the defendants' negligence, Fran suffered third degree burns that caused her substantial and permanent loss.  In particular, she has suffered a substantial and permanent loss or impairment of the use of her body where the third

7

degree burns occurred. In addition, she has suffered permanent and substantial disfigurement to the area of her body where the third degree burns occurred; and such other and further injuries as more fully set out herein.

16. Don has suffered a loss of consortium, companionship and society of his wife during the period of recovery from the third degree burns and for a significant period of time thereafter. Don lost income from his employment. Together, Don and Fran have suffered a loss of consortium and of the ability to enjoy life and life's pleasures as a result of this injury.

## IV. **CLAIMS OF LIABILITY**

### COUNT I
(Malpractice – All Defendants)

16. The plaintiffs repeat and incorporate herein each and every allegation contained in this complaint as set forth above and below; at all times relevant herein, Fran was a patient under the care and treatment of the defendants; that the defendants advertised, promoted and held themselves out to the public, including the plaintiffs, as healthcare providers competent to provide healthcare services in accordance with the standard of care; that the defendants, jointly and severally, owed the plaintiff a duty to provide said services consistent with the standard of care necessary under the facts and circumstances presented by Fran; that in reliance upon the defendants' advertisements, advice, assurances, information, representations, recommendations and instructions, joint and several, the plaintiffs sought and received healthcare services and treatment between the months of October 2009 and November 2009 from the defendants; that in particular, the defendants, jointly and severally,

owed the plaintiff a duty to provide medical and laboratory and nursing and administrative and ancillary services within the standard of care, during and following the plaintiff's presentation to the defendants for treatment and medical care; that it was then and there the defendants' duty, jointly and severally, to exercise reasonable care that a reasonably careful physician, hospital, nurse, or other healthcare provider would use under the same or similar circumstances; that notwithstanding said duty and in breach thereof, the defendants, jointly and severally, negligently failed to provide the standard of hospital, medical, surgical, nursing and ancillary services in the management, monitoring, diagnosis, testing, treatment, surgery and discharge of Fran for the condition with which she was afflicted; that as a direct and proximate and foreseeable consequence of the defendants' breach of duty, jointly and severally, the plaintiff was caused to be subjected to unfiltered surgical lights and suffered a third degree burn to a portion of her body; that furthermore, as a direct, proximate and foreseeable consequence of the defendants' breach of duties as alleged herein, the plaintiff was caused to suffer severe pain and discomfort, conscious pain and suffering, emotional distress, permanent scarring, substantial disfigurement, substantial loss of function of the use of a portion of her body, fear, lost opportunity for a more favorable outcome, medical and hospital bills and expenses, loss of enjoyment of life and life's pleasures, and such other losses as shall be proven at trial; that Don, Fran's loving spouse, suffered the loss of her services, companionship, and consortium and incurred significant expenses, lost income, medical expenses, hospital expenses, emotional distress, loss of enjoyment of life, and such other losses as shall be proven at trial; that

the defendants' negligent acts and failure to act as alleged herein, jointly and severally, is the result of gross negligence, recklessness and careless indifference to the plaintiffs thereby warranting enhanced compensatory damages; that the plaintiffs' damages are permanent in nature, past, present and future, all to the damage of the plaintiffs, as they state, in an amount within the jurisdictional limits of this Court.

## COUNT II
(Medical Malpractice – Defendant Kent)

17. The plaintiffs repeat and incorporate herein by reference each and every allegation contained in this Complaint as set forth above and below; that defendant Kent was the surgeon responsible for ensuring that Fran was protected with filtered lights during the thoracic surgery; that defendant Kent breached the duty to protect Fran from unfiltered lights and perform the surgery with bright unfiltered surgical lights; that as a direct, foreseeable and proximate result of defendant Kent's breach of duty as alleged herein, Fran suffered third degree burns and such other and further damages as more fully set forth in Count I above; that Don suffered losses as alleged in Count I above as a result of defendant Kent's negligence; that the plaintiffs' damages as alleged herein are within the jurisdictional limits of this Court.

## COUNT III
(Medical Malpractice – Defendant Ernst)

18. The plaintiffs repeat and incorporate herein by reference each and every allegation contained in this Complaint as set forth above and below; that defendant Ermst was the interventional pulmonologist responsible for ensuring that Fran was protected with filtered lights during the thoracic surgery; that defendant Ernst breached

the duty to protect Fran from unfiltered lights and perform the surgery with bright unfiltered surgical lights; that as a direct, foreseeable and proximate result of defendant Ernst's breach of duty as alleged herein, Fran suffered third degree burns and such other and further damages as more fully set forth in Count I above; that Don suffered losses as alleged in Count I above as a result of defendant Ernst's negligence; that the plaintiffs' damages as alleged herein are within the jurisdictional limits of this Court.

COUNT IV
(Nursing Malpractice – Defendants Mikhailov and
Unnamed BIDMC Employee Caregivers)

19.  The plaintiffs repeat and incorporate herein by reference each and every allegation contained in this Complaint set forth above and below; that defendants Mikhailov and Employees owed the plaintiff a duty of care to provide nursing and support services that protected her from being subjected to unfiltered surgical lights; that defendants breached said duty and allowed the plaintiff to undergo surgery without the benefit of filtered surgical lights; that as a direct and foreseeable and proximate result of defendants Mikhailov and Employees' breach of duty to provide said services, the plaintiff suffered permanent losses as more fully set forth in Count I above; that plaintiff Don suffered losses as alleged in Count I above as a result of defendant Mikhailov and Employees' negligence; that the plaintiffs' damages as alleged herein are within the jurisdictional limits of this Court.

COUNT V
(Loss of Consortium – All Defendants)

20.  The plaintiff Donald Boisvert repeats and incorporates herein by reference each and every allegation contained in this Complaint set forth above; that the

defendants, jointly and severally, are liable to plaintiff Don for having caused serious and permanent damage to his beloved wife, as alleged above; that as a direct and foreseeable and proximate result of the defendants' breach of duties, plaintiff Don has been caused to suffer damages including, but not limited to, medical bills and expenses, lost wages, lost company, companionship and consortium of his wife, extreme emotional pain and suffering, severe anxiety and emotional distress, loss of services of his wife, stress and tension in his personal and social life, lost sleep, and the loss of ability to enjoy life and life's pleasures; that said damages are permanent in nature, past, present and future, and in an amount within the jurisdictional limits of this Court.

Dated: April 19, 2011

Respectfully submitted,
Frances Boisvert and Donald Boisvert,
By and through their attorneys,
BELIVEAU, FRADETTE, DOYLE & GALLANT, PA

By: _____
Richard E. Fradette, Esquire (Bar No. 844)
91 Bay Street, P.O. Box 3150
Manchester, NH 03105-3150
(603) 623-1234